### STATE ex DEPOSITORS SAVINGS & LOAN CO v MYERS

Ohio Appeals, 2nd Dist, Franklin Co

No 2388.   Decided July 11, 1934

George A. Palda, C. C. Crabbe, Columbus, and George W. Ritter, Toledo, for relator.

John W. Bricker, Columbus, and Charles H. Jones, for respondent.

KLINGER and GUERNSEY, JJ, (3rd Dist), and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By GUERNSEY, J.

This is an action in mandamus to compel the respondent to file a certificate of dissolution of the relator, a building and loan association organized under the laws of the State of Ohio. The respondent bases his refusal on the following grounds:

First: The Superintendent of Building and Loan Associations refuses to authorize the filing or recording of said certificate by the respondent.

Second: That the resolution authorizing dissolution and the certificate of dissolution fails to state (a) that the continuance of the relator is deemed to be no longer desirable; (b) that the dissolution is subject to the contract rights of the borrowers and vested rights of the members of the relator; and (c) that the time and terms of such dissolution are in accord with the terms of the constitution and by-laws of the relator.

These grounds will be considered in the order mentioned.

The respondent bases his first contention upon the provisions of §9643 GC, a part of the so-called King Law, which became effective on July 3, 1923, the pertinent part of which section is as follows:

"* * * Associations (building and loan associations) may be organized and conducted under the general laws of Ohio relating to corporations, except as otherwise provided in this chapter; but, upon receipt of articles of incorporation and all

papers relating thereto, the Secretary of State shall forthwith transmit to the Superintendent of Building and Loan Associations a copy thereof and shall not record such articles of incorporation until duly authorized to do so by the Superintendent of Building and Loan Associations as hereafter provided."

It will be noted that the only instruments referred to in this section are articles of incorporation and all papers relating thereto, and that under the provisions of the section authority is required from the Superintendent of Building and Loan Associations only with reference to the recording of articles of incorporation. However, it is contended by the respondent that the term "articles of incorporation" as used in this section, includes certificates of dissolution and all other certificates and instruments relating to such corporation required to be filed in the office of the Secretary of State, and is identical with the term "articles" as defined in §8623-2 GC, which is a part of the general corporation act adopted in 1929, a number of years subsequent to the adoption of §9643 GC above referred to. The part of this section claimed to be applicable, reads as follows:

"Definition. The term 'articles' shall include articles of incorporation, amendments thereto, agreement of consolidation, certificates of reorganization or amended articles, and of certificates heretofore or hereafter required or permitted to be filed in the office of the Secretary of State."

In order to determine the proper construction of the provisions of §9643, GC, it is necessary to consider such provisions in connection with the provisions of §§9643-1, 9643-2, and 9643-3 GC, parts of the same Act.

Sec 9643-1 GC provides that upon receipt of a copy of the articles of such proposed association, the Superintendent shall immediately examine into the facts connected with the promotion of a proposed corporation, including its location and proposed incorporators, and if it appears that such corporation, if formed, will be lawfully entitled to commence business for which it is organized and entitled under the law to conduct, the Superintendent shall so certify to the Secretary of State and the Secretary of State shall thereupon record such articles of incorporation. This section further provides that the Superintendent may refuse to certify to the Secretary of State if upon examination and investigation he

has reason to believe that the proposed corporation is to be formed for other than legitimate business, or that the character and general fitness of the persons proposed as incorporators are not such as to command the confidence of the community in which the corporation is proposed to be located, or that public convenience and advantage will not be promoted by its establishment, or that the name of the proposed corporation is likely to mislead the public, or if the proposed name is the same as one already adopted or so similar thereto as to likely mislead the public.

**Sec 9643-2 GC provides** for an appeal in case the Superintendent withholds such certificate, and provides for the procedure on such appeal.

**Sec 9643-3 GC** provides that upon receipt of such certificate from the Superintendent of Building and Loan Associations, the Secretary of State shall record said articles of incorporation; one copy thereof, duly certified by the Secretary of State shall thereupon be furnished to the incorporators of such corporation and one copy to the Superintendent of Building and Loan Associations, to be by him filed in his office; and that all certificates thereafter filed in the office of the Secretary of State relating to such corporation shall be recorded and a certified copy thereof forthwith furnished the Superintendent of Building and Loan Associations and filed in his office.

It will be noted that no reference is made either in §9643-1 or in §9643-2 GC, to any instrument other than articles of incorporation, and that the provisions of such sections are such that they can relate only to original articles of incorporation and determinations to be made by the Superintendent with reference to the same at the time such articles are received for consideration and approval or rejection by the Superintendent. The phrase "and all papers relating thereto" following the words "upon receipt of articles of incorporation" in §9643, GC, does not extend the provisions of such section to certificates of dissolution or other instruments relating to the corporation that may be subsequently received by the Secretary of State, as by the terms of these provisions themselves the papers, other than the articles of incorporation required to be transmitted to the Superintendent are limited to papers relating to such articles of incorporation.

It will also be noted that the appeal provided for in §9643-2, GC, applies only to the refusal of the Superintendent of Building and Loan Associations to approve such articles.

It will also be noted that there is no provision in §9643-3 GC requiring any certificate other than the articles of incorporation relating to such corporation to be submitted to the Superintendent of Building and Loan Associations before filing, the only requirement being that all certificates filed in the office of the Secretary of State subsequent to the recording of articles of incorporation received from the Superintendent of Building and Loan Associations, shall be recorded and a certified copy thereof forthwith furnished the Superintendent of Building and Loan Associations and filed in his office, and that there are no provisions in any of said sections defining the duties of the Superintendent with reference to any certificate or instrument relating to such corporation other than the original articles of incorporation or providing any formula for the approval or rejection of any such certificate or instrument other than the orignal articles of incorporation.

Considering these sections together, it is clear that at the time they were adopted there was no legislative intent that any certificate relating to any such corporation, other than the original articles of incorporation, required the approval of the Superintendent of Building and Loan Associations before recording. To hold otherwise, it would be necessary not only to imply such a provision but to further imply that such implied provision conferred arbitrary authority on the Superintendent of Building and Loan Associations to refuse to permit the filing of certificates other than articles of incorporation relating to such corporations, without right of appeal, and such holding would clearly be an invasion of legislative power.

**Sec 9643, GC,** in part, provides that associations may be organized and conducted under the general laws of Ohio relating to corporations except as otherwise provided in the chapter. As stated above, §§9643, **9643-1, 9643-2 and 9643-3 GC,** included in said chapter, in and by themselves fix and determine the sense in which the phrase "articles of incorporation" is used in said sections, the provisions of said sections differentiating between the original articles of incorporation and certificates subsequently filed, and consequently the definition contained in §8623-2 GC of the general corporation act has no application to the term "articles of incorporation" used in §9643 GC.

The respondent further contends that "because it has been the uniform administrative practice of the Secretary of State, long continued and based upon the interpretation by his department of the laws of Ohio relating thereto, to submit to the Superintendent of Building and Loan Associations of Ohio for his approval, all articles of incorporation, amendments and all certificates including certificates of dissolution of building and loan associations required or permitted by law to be filed in the office of the Secretary of State, and to file and record same only when so approved and authorized by said Superintendent of Building and Loan Associations," he cannot be required to file such certificate of dissolution without such approval.

The rule with reference to resort to departmental practice in construing a statute is, in the third syllabus of the case of U. S. v Healy, 160 U. S., 136, stated as follows:

"When the practice in a department in interpreting a statute is uniform, and the meaning of the statute, upon examination, is found to be doubtful or obscure, the court will accept the interpretation of the department as the true one, but where the department practice has not been uniform, the court must determine for itself the true interpretation."

It will be noted that under this rule resort to administrative practice in construction is to be had only (a) when upon examination the meaning of the statute is found to be doubtful or obscure, and (b) when the departmental practice has been uniform.

In the case at bar the meaning of the statute is not doubtful or obscure and as shown by the evidence the departmental practice has not been uniform, so that such departmental interpretation is not only not conclusive as to the construction, but is not even to be resorted to as an aid to the proper interpretation.

We therefore hold that the approval or consent of the Superintendent of Building and Loan Associations is not required to the filing of the certificate of dissolution of the relator.

With reference to the second contention of the respondent, the recital in the resolution of dissolution that "it is desirable to and the corporation does elect to wind up its business and dissolve" conforms to the requirement of §9655, GC, conditioning dissolution on a majority vote that "its continuance is deemed to be no longer desirable," and the declaration in the certificate of dissolution that "said corporation elects to wind up its business and dissolve" is equivalent to a declaration that "its continuance is deemed to be no longer desirable" and if a declaration to that effect is necessary in a certificate of dissolution, complies with the provisions of said section; and the vote on the resolution of dissolution, as shown by the certificate of dissolution, is in excess of the vote required by said section.

It was not necessary, in the resolution of dissolution or the certificate of dissolution, to recite that the dissolution was subject to the contract rights of the borrowers and the vested rights of the members of the relator, as that liability is fixed by law and such recital in either the resolution or certificate, could not modify that liability.

Sec 693, GC, provides that a building and loan association may provide in its constitution and by laws for the time and terms of its dissolution. This provision is permissive and a building and loan association may or may not make such provision in its constitution and by-laws, and consequently in the absence of proof showing that an association has made such provision in its constitution and by-laws and that such provision is in conflict with the provisions of the resolution and certificate of dissolution, it will not be presumed that there is a conflict between the provisions, if any, of the constitution and by-laws of the association relating to the time and terms of dissolution and the resolution and certificate of dissolution, and a recital of conformity to the provisions of the constitution and by-laws is not essential to the validity of either the resolution or certificate of dissolution.

There is no specified form of certificate of dissolution of a building and loan association, prescribed by the laws of Ohio, and consequently the provisions of the general corporation act with reference to the form of the certificate of dissolution, apply and the certificate of dissolution in this case is in strict accordance with such provisions.

We therefore hold that the certificate of dissolution is in proper form.

Holding these views, the alternative writ of mandamus heretofore issued herein will be made permanent.

KLINGER and WILLIAMS, JJ, concur.